IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL BAKOV and KINAYA HEWLETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED TRAVEL HOLDINGS GROUP, INC., JAMES H. VERRILLO, DANIEL E. LAMBERT, JENNIFER POOLE, and DONNA HIGGINS<br><br>Defendants. | Case No. 20 C 2459<br><br>Judge Harry D. Leinenweber |

# ORDER

This suit ("Bakov III") is a refiling of a Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), class-action lawsuit filed in the Southern District of Florida in 2015. *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 19 C 61509 (S.D. Fla.) ("Bakov II"). Bakov II was itself a refiling of an earlier case, Bakov I, in an attempt to bring the class action against certain defendants who were dismissed from Bakov I for lack of jurisdiction. Bakov I was directed against the four named Defendants in Bakov II, along with Defendant, Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("HCL"). In 2016, this Court granted the Motion to Dismiss these Defendants for lack of jurisdiction, general or

specific. *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 15 C 2980, 2016 WL 4146471, at *1-2 (N.D. Ill. Aug. 4, 2016). The Court reasoned that the TCPA does not authorize nationwide service of process, and Plaintiffs had not countered the affidavits filed by these Defendants denying jurisdictional facts. *Id.* The affidavits consisted of a list of "nevers": Defendants never had anything to do with Illinois, they never transacted business nor committed a tort in Illinois, and, specifically, they never made nor caused to be made any telephone calls in Illinois. *Id.* at *1.

Bakov I continues to be prosecuted here in Illinois against HCL, where a recent opinion of this Court was issued denying a defense motion to dismiss based on the recent Supreme Court ruling in *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S.Ct. 2335 (2020).

In 2019 the Plaintiffs filed Bakov II, a new putative class action against the defendants named in Bakov I in the United States District Court for the Southern District of Florida where the Defendants reside. (Plaintiffs sued additional Defendants in Bakov II, but they were dismissed and were not included in Bakov III.) On April 9, 2020, the Florida District Court dismissed Bakov II on the grounds of claim splitting. Omnibus Order, *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 19 C 61509 (S.D. Fla. Apr. 9, 2020), Dkt. No. 70. The rule against claim splitting requires a

plaintiff to assert all of its causes of action arising out of a common set of operative facts in a single lawsuit because failure to do so wastes judicial resources and constitutes an abuse of legal process. *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995). Because the Plaintiffs alleged in Bakov II that all of the Defendants were on privity with HCL, the sole remaining Defendant remaining in Bakov I, Plaintiffs were seeking to split the case between two courts.

After the Florida court issued its ruling dismissing Bakov II, Plaintiffs then filed Bakov III here in the Northern District of Illinois against the same Defendants that were dismissed here in 2016 and, more recently were the Defendants dismissed in Florida in 2020. The case was first assigned to another judge of this court but was reassigned to this Court by the Executive Committee under Local Rule 40.4(b)(4) as a related case. (Dkt. No. 23.)

Defendants have now filed Motions to Dismiss Bakov III based on a variety of grounds, including claim splitting, *res judicata,* lack of jurisdiction, and, under Rule 12(b)(6), for failure to state a claim and for violation of the statute of limitations.

Since this is a re-filing of the Bakov II, the charge of claim splitting would appear to apply for the same reasons that the Florida court applied it to Bakov II, i.e., the Plaintiffs are

attempting to maintain two separate suits against separate defendants arising out of the same operative set of facts. However, the reason they are attempting to do so is in order to subject additional defendants to federal court jurisdiction for their TCPA claims, which of course was their reason for filing Bakov II. The Plaintiffs are therefore attempting to maintain two suits to recover damages for alleged violation of the TCPA under the same operative set of facts. It is clear that allowing the Florida suit to be waged at the same time as Bakov I would violate the principles that claim splitting seeks to avoid: waste of judicial resources and abuse of process. *Stark v. Starr*, 94 U.S. 477, 485 (1980); *see also Rogers v. Desidero,* 58 F.3d 299, 300 (7th Cir. 1995). However, Bakov III, the refiled Florida suit, is now pending before the same Court as Bakov I, which eliminates the main reasons to avoid splitting the claim: Defendants would only be subject to one trial and one result. The rule against claim splitting is not a hard and fast rule; it is subject to the discretion of the district court and is relaxed where imposing it would be inequitable. *Walczak v. Chicago Board of Education*, 739 F.3d 1013 (7th Cir. 2014). The Court therefore does not invoke the claim splitting rule to dismiss the case.

Defendants argue that the filing of Bakov III, after dismissal of Bakov II, violates the principle of *res judicata* because the

dismissal in Florida was on the merits. However, the merits were not discussed in the Florida dismissal. It is different from the situation argued by Defendants as presented in *Barr v. Board of Trustees*, 796 F.3d 837 (7th Cir. 2015), regarding *res judicata.* In that case the plaintiff received a decision on the merits in the state proceeding in which she could have presented her Title VII claim as well. Thus, the merits were in fact already decided in the earlier case. *See also Crop Maker Soil Service, Inc. v. Fairmont State Bank*, 881 F.2d 436, 440 (7th Cir. 1989) (affirming summary judgment on *res judicata* grounds when "[t]he district court rendered a final judgment on the merits in the earlier action"). The Court therefore declines to dismiss on *res judicata* grounds.

There remain, however, two additional arguments for dismissal that require review: statute of limitations and jurisdiction. The Defendants' statute of limitations argument is that the complaint alleges that the class is composed of persons who answered calls through March 20, 2016 and the date the complaint was filed was on April 22, 2020. The TCPA statute of limitations is four (4) years. Therefor this Complaint is not timely since the statute ran as of March 21, 2020.

Plaintiffs put forth two reasons in an attempt to save this suit: first, that HCL, Defendant in Bakov I, is the alter ego of Defendant, Consolidated Travel Holdings Group, Inc. ("CTH"), and

was served in that case, and therefore timely service on CTH in the current action is not necessary in order to bring it against CTH. Second, Plaintiffs argue that equitable tolling saves their claim.

First, as Defendants point out, the relevance of an alter ego status is to determine whether another party could be responsible as an alter ego for payment of a money judgment, not to provide jurisdiction before a judgment is obtained. *See Gerling Global Reinsurance Corp v. Fremont General Corp.*, 287 F. App'x 3 (9th Cir. 2007) (Claims filed against a subsidiary are sufficient to "hold the alter ego liable for a judgment entered against the subsidiary" but not "to satisfy the statutes of limitation with respect to the alter ego"). The alleged alter ego is entitled to be served with service of process before it can be held to be an alter ego. If it were otherwise, a plaintiff could allege alter ego status without serving a party he considers an alter ego, and thus subject the party to the jurisdiction of the court where it would have to defend itself and be subject to discovery.

Equitable tolling is similarly inapposite. This relief in equity is "rarely granted" and "only in extraordinary circumstances" beyond a plaintiff's control. *Simms v. Alcevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Mistakes of law are not

extraordinary circumstances, and Plaintiffs' "mistake" of law here, failure to timely serve a defendant, is rather egregious.

The Court originally dismissed these Defendants from Bakov I because the Court found that they were not subject to jurisdiction of the Court due to extensive affidavits concerning their noninvolvement with Illinois and with the making of the telephone calls, affidavits which were not contradicted by Plaintiffs. The Defendants have once against filed affidavits of non-involvement; Plaintiffs have again not countered them, relying once more on the allegations made in the Complaint. It does not appear to the Court that the record is any different in Bakov III from the record upon which the Court ruled on five (5) years ago in Bakov I.

In summary, Plaintiffs brought this suit in this Court six (6) years ago. The Court dismissed these Defendants five (5) years ago. This is Plaintiffs' third attempt to sue these Defendants. Had Plaintiffs originally filed this suit in Florida where these Defendants reside, that district court would have had jurisdiction to hear the suit against all of them. They failed to file there, preferring to litigate in Illinois, far from the residence of the Defendants. Alternatively, Plaintiffs could have chosen to nonsuit Bakov I and maintained the entire suit in Florida. But after six (6) years of litigation it is too late to start all over against new defendants.

The Motion to Dismiss is granted on both statute of limitations grounds and lack of jurisdiction. Bakov III is dismissed with prejudice.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 5/5/2021